UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMRANALI AHMADBHAI KAROVALIYA,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2362

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing. (Pet., ECF No. 1, PageID.23.)

In an Order entered on August 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on August 25, 2026, (ECF No. 5), and Petitioner filed his reply on August 31, 2026, (Reply, ECF No. 7).

## II. Relevant Factual Background

Petitioner is a native and citizen of India. (Notice to Appear (NTA), ECF No. 1-3, PageID.30.) Petitioner entered the United States on or about April 9, 2011. (*Id.*) Shortly after Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered and arrested Petitioner and placed him in expedited removal proceedings. (2025 Form I-213, ECF No.5-1, PageID.60.) Thereafter, on May 2, 2011, a DHS asylum officer established Petitioner's credible fear of persecution or torture and issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) for being "an immigrant who, at the time of application for admission, is not in possession of [valid immigration and travel documents]," which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA, which is codified at 28 U.S.C. § 1229a. (NTA, ECF No. 1-3, PageID.30.) Thereafter, DHS allowed Petitioner to enter the United States, and Petitioner has remained in the United States since that time.[1] (*Id.*)

On December 1, 2022, an Immigration Judge administratively closed Petitioner's § 1229a removal case. (2022 Immigration Judge Order, ECF No. 1-3, PageID.34.) Thereafter, on August 19, 2025, ICE filed a motion to re-calendar Petitioner's § 1229a removal case in Immigration Court. (2025 Form I-213, ECF No. 5-1, PageID.60.)

On October 27, 2025, local law enforcement arrested Petitioner and charged him with two traffic misdemeanors. (*Id.*) Petitioner was transferred to ICE custody on October 30, 2025. (*Id.*)

---

[1] The record in this matter does not address the underlying statutory basis for permitting Petitioner to enter the United States.

On November 17, 2025, the Conroe Immigration Court denied Petitioner's request for a custody redetermination, concluding that it did not have jurisdiction to consider Petitioner's bond request. (2025 Immigration Judge Order, ECF No. 1-2, PageID.27.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

For the same reasons set forth in *Betancourth-Martell v. Mullin*, No. 1:26-cv-1255, 2026 WL 1532967 (W.D. Mich. June 1, 2026),[2] the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States, which included initially being placed in expedited removal proceedings, but then being transferred to § 1229a removal proceedings and released from custody after an asylum officer determined that he had a credible fear of persecution or torture.

[2] S*ee also, e.g.*, *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2–3 (W.D. Mich. July 6, 2026); *Vega-Duno v. Raycraft*, No. 1:26-cv-1570, 2026 WL 1593320, at *1 & n.2 (W.D. Mich. June 4, 2026); *Espinoza Ramirez v. Unknown Party*, No. 1:26-cv-1505, 2026 WL 1551778, at *1 & n.3 (W.D. Mich. June 2, 2026); *Morales Morales v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-714, 2026 WL 972715, at *2–3 (W.D. Mich. Apr. 10, 2026); *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026).

Therefore, based on the facts presented by the parties, and the reasoning of the United States Court of Appeals for the Sixth Circuit in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.

**B. Fifth Amendment Due Process Considerations**

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos v. Raycraft*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 175 F.4th at 732. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at 734.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025

WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

**V. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**VI. Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act if Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the

alternative, immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 8, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.